AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  13-8227-JMH |
| Phillip Gale | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED by _____ D.C.

**APR 2 6 2013**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ___March 23, 2013 - April 24, 2013___ in the county of ___Palm Beach___ in the

___Southern___ District of ___Florida___ , the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. § 2250(a) | Failing to register and update a registration as required by the Sex Offender Registration and Notification Act |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

___Deputy United States Marshal Charles M. Feehely___
*Printed name and title*

*I find probable cause.*

Sworn to before me and signed in my presence.

Date:  ___04/26/2013___

_____
*Judge's signature*

City and state:  ___West Palm Beach, FL___

___Hon. James M. Hopkins, U.S. Magistrate Judge___
*Printed name and title*

## AFFIDAVIT

I, Charles M. Feehely, being duly sworn, hereby depose and state as follows:

**A. Introduction**

1. I am a Deputy United States Marshal ("DUSM") with the United States Marshals Service ("USMS") and have been so employed since October of 2004. I am currently assigned to the Sex Offender Investigations Branch ("SOIB") for the Florida-Caribbean Region.

2. During my tenure as a Deputy U.S. Marshal I have conducted investigations of sexual offenders. I am authorized under Title 28, United States Code Section, 564 to enforce laws of the United States, including violations of the Sex Offender Registration and Notification Act.

3. This affidavit is based upon my own knowledge, record checks on public and law enforcement databases, as well as information provided to me by civilians and other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to charge Phillip GALE with violating Title 18, United States Code, Section 2250(a).

**B. The Adam Walsh Act**

4. The Adam Walsh Child Protection and Safety Act of 2006 ("Walsh Act"), Pub. L. No. 109-248, was enacted on July 28, 2006. Title I of the Walsh Act, entitled the Sex Offender Registration and Notification Act ("SORNA"), creates a national sex offender registry law. SORNA also requires every jurisdiction to maintain a sex offender registry conforming to the requirements of SORNA. *See* 42 U.S.C. § 16912. The information to be provided by the sex offender for the registry, at a minimum, includes: name and

aliases, Social Security number, residence, place of employment and/or school, and vehicle information. 42 U.S.C. § 16914(a)(1)-(7). Additionally, the jurisdiction must ensure that, at a minimum, the following information is included in the registry: physical description, criminal history, including the text of the particular law for which the registration is required, current photograph, fingerprints and palm prints, DNA sample, and a photocopy of a driver's license or identification card. 42 U.S.C. § 16914(b)(1)-(8). Certain information about the sex offender must also be published on an internet website. *See* 42 U.S.C. § 16918.

    5.   SORNA also delineates when and how a sex offender should register under the Adam Walsh Act:

> (a) In general
>
> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
>
> (b) Initial registration
>
> The sex offender shall initially register –
>
>> (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
>>
>> (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
>
> (c) Keeping the registration current
>
> A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this

section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

(d) Initial registration of sex offenders unable to comply with subsection (b) of this section

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

6.   On February 28, 2007, the Attorney General issued an interim rule, effective on that date, specifying that "[t]hat the requirements of [SORNA] apply to all sex offenders, including sex offenders convicted of the offense for which registration is required <u>prior to the enactment of the Act</u>." (emphasis supplied).

7.   Additionally, SORNA creates a new federal offense for failure to register:

(a) In general – Whoever –

(1) is required to register under the Sex Offender Registration and Notification Act;

(2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

(B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

(3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

shall be fined under this title or imprisoned not more than 10 years, or both.

–3–

18 U.S.C. § 2250(a).

### C. Investigation

8.   In the State of Michigan in 2002, Phillip GALE was convicted of one count of Attempted Criminal Sexual Conduct (Force or Coercion), a 4th Degree misdemeanor offense, in violation of Statute 750.520E1A.

9.   On or about July 12, 2011, Phillip GALE signed a form entitled, "State of Michigan, Sex Offender Registration, Explanation of Duties to Register as a Sex Offender." In signing the form, Phillip GALE acknowledged that he was "required by law to report in person within three business days to a local law enforcement agency, sheriff's office, or Michigan State Police post having jurisdiction over [his] residence . . . [his] new address prior to changing to [his] residence to another state."

10.   In Michigan in 2012, Phillip GALE was charged with the offense of Sex Offender–Failing to Comply with Reporting Duties.

11.   On or about April 16, 2013, your affiant received information that Phillip GALE may be living in Palm Beach County, Florida and working at the "Yard House" restaurant.

12.   Further investigation revealed that Phillip GALE may have a Facebook page at https://www.facebook.com/galemafia. This page indicates "Dan GALE" began working at the Yard House restaurant on March 1, 2013. Further investigation revealed that the Yard House restaurant has locations in California, Massachusetts, Idaho, Oregon, Nevada and Florida. The investigation further revealed that Phillip GALE may be married to Sara GALE, who has a recent address located at 9118 Old Dixie Highway, Apartment B,

Lake Park, Florida 33403.  This apartment complex is located in Palm Beach County in the Southern District of Florida.

13.  On April 23, 2013, your affiant and Task Force Officer Kevin UMPHREY traveled to 9118 Old Dixie Highway and made contact with Mary WAY, who is a manager for the apartment complex located at 9118 Old Dixie Highway, Lake Park, Florida.  Mary WAY stated that Phillip GALE lived in Apartment B at that apartment complex and had moved into that unit sometime in March of 2013.  Apartment B is located on the second floor of the Apartment Complex.  Mary WAY stated that Phillip GALE works at the Yard House restaurant and at the Paris in Town restaurant.  Mary WAY said Phillip GALE was living in Apartment B with his wife, Sara, and two small children.

14.  Your affiant and Task Force Officer Kevin UMPHREY also made contact with Ann WHITE, who is the owner/manager of the apartment complex located at 9118 Old Dixie Highway, Lake Park, Florida 33403.  Ann WHITE provided your affiant and Task Force Officer Kevin UMPHREY with a copy of two receipts for the rent collected from Phillip GALE for Apartment B.  Both receipts indicate monies received by "Phillip GALE".  One receipt indicated it was a deposit for "Apt. B." Ann WHITE also provided your affiant and Task Force Officer Kevin UMPHREY with a copy of the Rental Application completed by "Phillip GALE" for Apartment B.  The social security number and date of birth on the rental application match the social security number and date of birth of the Phillip Gale referenced in paragraphs (8), (9), and (10) of this affidavit.  Ann WHITE also provided a copy of the Lease Agreement for Phillip GALE for a premises located at 9118 Old Dixie Highway signed by Phillip GALE.

–5–

15. On April 23, 2013, at approximately 1:23 pm, U.S. Marshals Task Force Officer (TFO) Larry WOOD observed Phillip GALE exit Apartment B with a female and two small children. TFO WOOD identified Phillip GALE from his Phillip GALE's Michigan Sex Offender Registry photograph.

16. Florida Statute Section 943.0435 defines the term "sexual offender" to mean a person: (1) has been convicted of committing, or attempting to commit an offense proscribed under Florida law or a similar offense proscribed under the laws of another jurisdiction; (2) establishes or maintains a residence in Florida; (3) has been designated by another sexual offender designation in another state; and (4) was, as a result of such designation, subjected to registration  and was, as a result of such designation, subjected to registration or community or public notification, or both, or would be if the person were a resident of that state or jurisdiction, without regard to whether the person otherwise meets the criteria for registration as a sexual offender.   F.S.A. § 943.0435(1)(a)1.   As of April 25, 2013, a check of the Florida Department of Law Enforcement Sexual Offender site revealed no registration had been filed in the State of Florida by Phillip GALE.

WHEREFORE, based upon the foregoing, your affiant submits that there is probable cause to charge Phillip GALE with violating 18 U.S.C. Section 2250(a).

FURTHER YOUR AFFIANT SAYETHNAUGHT.

Charles M. Feehely

Deputy U.S. Marshal

United States Marshals Service

SWORN TO AND SUBSCRIBED BEFORE
ME THIS 25th DAY OF APRIL, 2013, AT
WEST PALM BEACH, FLORIDA.

HONORABLE JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### No.   13-8227-JMH

**UNITED STATES OF AMERICA**

**vs.**

**Phillip Gale**

**Defendant.**

_____/

### CRIMINAL COVER SHEET

1.      Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?      _____ Yes   __X__ No

2.      Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?      _____ Yes   __X__ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY:      _____
WILLIAM T. ZLOCH
ASSISTANT UNITED STATES ATTORNEY